*448 BERNICE BOUIE DONALD, Circuit Judge,
concurring.
While I agree with the majority that Mr. Payne has not made the requisite showing to support a finding of Monell liability, I find it necessary to emphasize that this rule does, not allow, nor does this Court condone, a municipality attempting to escape its constitutional duties by hiring a contractor to provide a fundamental service without supervision.
Mr. Payne argues that because Sevier County’s duty to provide adequate medical care to its inmates is non-delegable, it maintains responsibility for constitutional deprivations caused by its medical contractor’s policies or customs. In making this argument, Mr. Payne relies on Ancata v. Prison Health Services, Inc, an Eleventh Circuit decision, in which the Court states in dicta that the county “remains liable for any constitutional deprivations caused by the policies or customs” of the medical contractor. 769 F.2d 700, 705 (11th Cir. 1985). To refute this argument, Defendant Sevier County argued in briefing and at oral argument that a municipality may only be liable for the decisions of a contractor where the municipality “officially abdicated its right to review and influence the subordinate’s decisions.” Appellee Br. 21 (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). Sevier County asserts that under this rule, even where the municipality “granted an actor wide discretion to perform a duty and was lax or even negligent in it supervision,” it will not be liable unless it has delegated its policy-making authority. Id.
Sevier County is correct that “[sjimply going along with discretionary decisions made by one’s subordinates ... is not a delegation to them of the authority to make policy.” St. Louis v. Praprotnik, 485 U.S. 112, 130, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (plurality op). However, this precedent does not absolve municipalities of liability for actions of contracted medical providers. Nor does it relieve municipalities of their constitutional responsibilities as completely as Sevier County has argued here. A municipality may be liable for the decisions of a contractor not only where a supervising policymaker “expressly approved” a decision by a subordinate that was “cast in the form of a policy statement,” but also where “a series of decisions by a subordinate official manifested a ‘custom or usage’ of which the supervisor must have been aware.” Praprotnik, 485 U.S. at 130, 108 S.Ct. 915 (citations omitted). As the majority opinion makes clear, Mr. Payne has not made a requisite showing that either a custom or policy attributable to Sevier County caused his injury. However, this opinion should not be read to shield a municipality that attempts to discharge its constitutional duties by hiring contractors to provide fundamental services to those in the municipality’s care and then placing its head in the sand to remain oblivious to violations.